**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

OCEAN CITY BOARDWALK, INC.,
12501 Coastal Highway
Ocean City, Maryland, 21842

Plaintiff,

- v -

ARCH SPECIALTY INSURANCE CO.,
2345 Grand Blvd
Suite 900
Kansas City, Missouri 64108

SERVE ON:
General Counsel
Arch Specialty Insurance Company
Harborside 3 210 Hudson Street, Suite 300
Jersey City, NJ 07311-1107

Defendant.

**Case No.:**

## COMPLAINT TO COMPEL APPRAISAL, OR ALTERNATIVELY, FOR DAMAGES

Plaintiff Ocean City Boardwalk, Inc., ("Ocean City"), by its undersigned counsel, hereby petitions this Court to compel Arch Specialty Insurance Company ("Arch") to proceed to appraisal, pursuant to the Federal Arbitration Act, and in support thereof alleges as follows:

## INTRODUCTION

1. This is an action to compel Arch – who insures several commercial retail properties owned and operated by Ocean City in Maryland, North Carolina, and Virginia – to participate in the appraisal process inserted by Arch into the policies sold to Ocean City, as it relates to Ocean City's multi-million dollar Hurricane Dorian losses.

2. Despite extensive cooperation by Ocean City in Arch's years long claim investigation, including sitting for a completely voluntary examination under oath and producing and making available thousands of pages of documents at Arch's request, Arch has failed to meaningfully compensate Ocean City for those losses.

3. As there is no dispute Ocean City suffered a covered loss, Ocean City has substantially complied with all applicable post-loss conditions contained in the Policy and imposed by applicable law, and the parties disagree on the scope and amount of that loss, appraisal is appropriate.

4. Ocean City also seeks any ancillary relief necessary to afford complete relief, including retention of jurisdiction by the Court pending appraisal to enter other orders as may be necessary. This also includes, but is not limited to, appointment of an umpire (should the parties be unable to agree on one), entering judgment following appraisal, and reserving jurisdiction to award pre- and post-judgment interest and attorneys' fees and costs Ocean City incurred in connection with these proceedings.

5. Alternatively, and to the extent the Court finds appraisal to be inappropriate, Arch has breached the Policy it sold to Ocean City by not fully compensating Ocean City for its losses, entitling Ocean City to damages.

**THE PARTIES**

6. Ocean City is a Maryland corporation with its principal place of business located at 12501 Coastal Highway, Ocean City, Maryland, 21842. It is therefore a citizen of Maryland.

7. At all material times, Ocean City owned several retail shops located in traditional vacation destinations ("Loss Locations"). These Loss Locations included, but were not limited to:

a. 710 Croatian Highway, Kill Devils Hill, NC;

b. 1444 Atlantic Avenue, Virginia Beach, VA;

c. 1916 Atlantic Avenue, Virginia Beach, VA;

d. 2300 Atlantic Avenue, Virginia Beach, VA;

e. 1600 Croatian Highway, Kill Devils Hill, NC;

f. 1504 Croatian Highway, Kill Devils Hill, NC;

g. 1400 Atlantic Avenue, Virginia Beach, VA; and,

h. 6901 Croatian Highway, Kill Devils Hill, NC.

8. Defendant Arch is an insurer that does business in Maryland. It is a corporation formed under the laws of the State of Missouri, with its principal place in New Jersey. Arch is therefore a citizen of both Missouri and New Jersey, and therefore has a citizenship diverse to that of Ocean City.

9. Arch issued the Policy to Ocean City in Maryland, agreeing to be bound by its terms.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action is by and between citizen of different states, and the amount of controversy exceeds $75,000, exclusive of costs, fees, and interest.

11. This Court also has jurisdiction over this matter pursuant to 9 U.S.C. § 4 because this is a petition to enforce an arbitration agreement under the Federal Arbitration Act. *See* 9 U.S.C. § 1, et seq.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the Policy that is the subject of this matter was received and executed in this district, and a substantial percentage of the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

### A. THE POLICY

13. Arch issued to Ocean City a commercial property insurance policy ("Policy") effective from May 30, 2019 to May 30, 2020, bearing policy number ESP7304484-01. A true and correct copy of the Policy is attached as **Exhibit A**.

14. The Policy is a first layer policy with a $2,500,000 limit.

15. Ocean City is the Named Insured under the Policy. *See* Policy at Declarations.

16. The Policy contains the following appraisal clause:

> **A. Appraisal**
>
> In case the Insured and this Insurer shall fail to agree as to the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within Twenty (20) days of such demand. The appraisers shall select a competent and disinterested umpire; and, failing for Fifteen (15) days to agree upon such umpire, then on request of the Insured or the Insurer, such umpire shall be selected by a judge of a district court of a judicial district in accordance with the Jurisdiction and Suit clause of this policy. The appraisers shall then appraise the loss, separating the loss to each item; and, failing to agree, shall submit their differences only to the umpire. An award in writing, so itemized of any two when filed with the Insurer, shall determine the amount of loss. Each appraiser shall be paid by the party selecting each respective appraiser and the expenses of appraisal and umpire shall be paid by the parties equally.

*See* Policy at Other Terms and Conditions. p. 33.

### B. HURRICANE DORIAN, AND ARCH'S CLAIM ADJUSTMENT

17. On or about September 6, 2019, Hurricane Dorian struck the Maryland, Virginia and North Carolina area. The Hurricane caused extensive covered damage to the Loss Locations,

including, but not limited to, wind and water damage to the exterior and interior of the properties, as well as to Ocean City's inventory.

18. Ocean City timely reported the loss to Arch, which assigned Claim No. 13385590 ("Claim").

19. In early December 2019, Ocean City provided Arch with a copy of the building damage estimates for the Loss Locations in a total amount of $3,785,277.19. A true and correct copy of Ocean City's estimates is attached hereto as **Exhibit B**.

20. Ocean City also provided Arch with evidence of damaged inventory of at least $215,000 as a result of Hurricane Dorian.

21. On February 11, 2020, Arch, after applying the relevant deductible, agreed to pay $89,890 to Ocean City and requested that Ocean City submit a proof of loss. A true and correct copy of Arch's February 11, 2020, letter is attached hereto as **Exhibit C**.

22. Ocean City complied with Arch's request, and on June 26, 2020, submitted a proof of loss. A true and correct copy of Ocean City's June 26, 2020 proof of loss is attached hereto as **Exhibit D.** Arch tendered the $89,890 payment shortly thereafter.

23. Thus, while Arch has admitted coverage by issuing an undisputed payment, the parties dispute the amount of loss.

24. Arch has since issued document requests to Ocean City without any basis in the Policy to do so.

25. Ocean City, in good faith and despite having no obligation to comply, made the requested document productions, including, but not limited to, productions on July 8, 2022, August 9, 2022, and March 6, 2023.

26. Arch also requested a pre-suit examination under oath, which Ocean City agreed to sit for in June 2022 (prior to demanding appraisal) despite there being no requirement under the Policy for such an examination.

27. Arch took advantage of Ocean City's good faith as an opportunity to delay the adjustment of the loss under the guise of "investigation."

28. On July 6, 2023, after more than three years of waiting for Arch to fully adjust the loss, Ocean City timely demanded appraisal and selected Don Antol as its appraiser via letter pursuant to the Policy's appraisal clause. A true and correct copy of Ocean City's July 6, 2023, letter is attached hereto as **Exhibit E.**

29. Arch, however, failed to comply with the appraisal clause by refusing to select an appraiser. Arch's reasoning was that it needed additional documentation, information, and investigation. But neither the Policy nor applicable law required anything further of Ocean City prior to appraisal.

30. On April 29, 2024, Ocean City demanded that Arch confirm whether it was still refusing to proceed with appraisal. A true and correct copy of Ocean City's April 29, 2024, letter is attached hereto as **Exhibit F.**

31. Arch continued to ignore Ocean City's appraisal demand, though it finally scheduled the examination under oath, which Ocean City had agreed to sit for years prior.

32. Ocean City thereafter made further document productions and, on July 2, 2024, sat for a seven-hour examination under oath. As noted above, the document productions and examination under oath were entirely voluntary and not otherwise required by the Policy or applicable law.

33. To date, Arch continues to ignore and therefore reject Ocean City's appraisal demand.

34. Moreover, Arch has waived any coverage defenses because, to date, it has failed to provide Ocean City with any of its damage estimates or provide any detailed positions on purported coverage defenses. Alternatively, any purported coverage defenses do not prevent the Court from compelling appraisal.

35. Ocean City timely paid all required premiums and has complied with all conditions precedent to coverage including, without limitation, providing timely notice. Alternatively, Arch has not been prejudiced by any non-compliance or has waived or excused such non-compliance.

36. Ocean City performed or otherwise satisfied all conditions precedent to bringing this action, or alternatively, such conditions have been excused or waived by Arch's actions, representations, conduct, and/or omissions.

37. Ocean City has engaged the undersigned firm to represent it in this action, and has agreed to pay a reasonable fee for services rendered.

**COUNT I – PETITION TO COMPEL APPRAISAL**

38. Paragraphs 1 through 37 are incorporated by reference as if set forth in full.

39. The Policy is a valid, binding, and enforceable contract between the Parties and in effect at all relevant times.

40. The appraisal clause requires Arch to submit to appraisal if the parties "fail to agree as to the amount of loss." *See* Exhibit A. Policy at Other Terms and Conditions. p. 33.

41. The Policy is a written contract evidencing a transaction involving interstate commerce.

42. Under Maryland law, although there are "distinctions between an appraisal under an insurance policy appraisal clause and arbitration," an insurance appraisal provision "constitutes an arbitration under the Federal Arbitration Act" when "viewed on the whole." *Liberty Mut. Grp., Inc. v. Wright*, 2012 WL 718857 at *6 (D. Md. Mar. 5, 2012); *see also State Auto Mut. Ins. Co. v. Rod & Reel, Inc.*, 2018 WL 5830734, at *5 (D. Md. Nov. 7, 2018), *aff'd*, 774 F. App'x 168 (4th Cir. 2019).

43. The Federal Arbitration Act reflects a strong policy in favor of judicial enforcement of appraisal and arbitration agreements.

44. Section 4 of the Federal Arbitration Act provides in pertinent part as follows:

> ***A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court*** which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, ***for an order directing that such arbitration proceed in the manner provided for in such agreement*** . . . .

9 U.S.C. § 4 (emphasis added).

45. This Court has the authority under section 4 of the Federal Arbitration Act to compel Arch to comply with the appraisal clause.

46. Indeed, courts in Maryland hold "an insured can compel an insurer to submit to appraisal when the insurer refuses to comply with a mandatory appraisal clause [because doing so] is consonant with Maryland's legislative policy favoring enforcement of executory agreements to arbitrate." *Aetna Casualty & Surety Co. v. Ins. Comm'r*, 293 Md. 409, 424 (1982).

47. Under the Policy, Arch is obligated to pay for direct physical loss or damage to Covered Property.

48. Ocean City suffered covered losses, which it timely tendered to Arch.

49. Arch issued an undisputed partial payment on the losses, thereby admitting coverage. And, Arch has waived any potential coverage defenses in failing to raise any such defenses in a detailed manner. Alternatively, any purported coverage defenses do not affect the ripeness of appraisal.

50. There exists a dispute between the parties as to the amount of covered damage to the Loss Locations.

51. This dispute falls within the scope of the Policy's appraisal clause.

52. Ocean City has substantially complied with any applicable post-loss obligations under the Policy.

53. Ocean City has made a written demand for appraisal. To date, Arch has refused to submit to appraisal.

54. Ocean City has been aggrieved by Arch's failure, neglect, or refusal to participate in appraisal under the Policy.

**WHEREFORE**, pursuant to the Federal Arbitration Act, Ocean City requests that the Court compel Arch to submit to an appraisal proceeding with Ocean City, as demanded and initiated by Ocean City in April 2023, along with an award to Ocean City of its costs of suit, attorneys' fees, consequential damages, pre-judgment, and post-judgment interest. Furthermore, Ocean City requests further relief as to afford complete relief, including retention of jurisdiction by the Court pending appraisal to enter other orders as may be necessary, appointment of an umpire (should the parties be unable to agree on one), and entering judgment following appraisal.

## COUNT II (IN THE ALTERNATIVE) – DECLARATORY JUDGMENT

55. Paragraphs 1 through 37 are incorporated by reference as if set forth in full.

56. This Count is expressly pled in the alternative, in the event the Court determines it lacks the authority under the Policy and applicable law to compel appraisal of Ocean City's losses.

57. The Policy is a valid, binding, and enforceable contract between the parties and has been in effect at all relevant times.

58. The appraisal clause requires Arch to submit to appraisal if the parties "fail to agree as to the amount of loss." *See* Exhibit A. Policy at Other Terms and Conditions. p. 33.

59. The Federal Arbitration Act reflects a strong policy in favor of judicial enforcement of appraisal and arbitration agreements.

60. Under the Policy, Arch is obligated to pay for direct physical loss or damage to Covered Property.

61. Ocean City suffered a covered loss, which it timely tendered to Arch.

62. Arch issued an undisputed payment on the loss, thereby admitting coverage. And, Arch has waived any potential coverage defenses in failing to raise any such defenses in a detailed manner. Alternatively, any purported coverage defenses do not affect the ripeness of appraisal.

63. There exists a dispute between the parties as to the value of covered damage to the Loss Locations.

64. This dispute falls within the scope of the Policy's appraisal clause.

65. Ocean City has substantially complied with any applicable post-loss obligations under the Policy.

66. Ocean City has made a written demand for appraisal. To date, Arch has refused to submit to appraisal.

67. An actual and justiciable controversy exists between the parties as to whether arbitration is now required under the Policy, which may be determined by a judgment or order of this Court.

68. Ocean City is entitled to declaratory judgment by this Court of the obligations of Arch under the Policy, specifically, that it must submit to appraisal pursuant to the appraisal clause.

69. Declaratory relief from this Court will resolve outstanding issues between Ocean City and Arch regarding Arch's obligations under the Policy.

**WHEREFORE**, in the alternative, Ocean City requests that the Court enter a declaration that Arch is obligated to submit to appraisal along with an award to Ocean City of its costs of suit, attorneys' fees, consequential damages, pre-judgment, and post-judgment interest. Furthermore, Ocean City requests further relief as to afford complete relief, including retention of jurisdiction by the Court pending appraisal to enter other orders as may be necessary, appointment of an umpire (should the parties be unable to agree on one), and entering judgment following appraisal.

**COUNT III (IN THE ALTERNATIVE) – BREACH OF CONTRACT**

70. Paragraphs 1 through 37 are incorporated by reference as if set forth in full.

71. This Count is expressly pled in the alternative, in the event the Court determines it lacks the authority under the Policy and applicable law to compel appraisal of Ocean City's loss, and that appraisal is inappropriate under the Policy and applicable law such that a declaratory judgment sending the parties to appraisal is not issued.

72. The Policy is a valid and enforceable contract between the parties.

73. Under the Policy, Arch is obligated to pay for direct physical loss or damage to insured property.

74. The loss involves insured property under the Policy.

75. The entire loss is covered under the Policy.

76. Arch has refused to perform its contractual obligations to provide proper coverage for Ocean City's loss.

77. Arch admitted that Ocean City suffered a covered loss and paid a portion of Ocean City's Claim, but to date, has refused to pay the remaining property portion of the Claim.

78. Arch breached its obligations under the Policy by failing to pay Ocean City the full amount of its loss.

79. As a direct and proximate result of Arch's breach of contract, Ocean City has been deprived of the benefits of insurance coverage it expected to receive, and for which it paid substantial premiums.

80. As a direct and proximate result of Arch's breach of contract, Ocean City has suffered, and continues to suffer, damages, plus interest, attorneys' fees, costs, and other recoverable consequential damages in an amount to be established at trial.

**WHEREFORE**, in the alternative, Ocean City requests a judgment and damages against Arch in an amount to be determined at trial, along with an award to Ocean City of its costs of suit, attorneys' fees, consequential damages, pre-judgment and post-judgment interest, and any other relief the Court deems just and appropriate.

## JURY DEMAND

81. Ocean City hereby demands a trial by jury of all issues so triable.

Dated: August 14, 2024

Respectfully submitted,

*/s/ Kendra Perkins Norwood*
Kendra Perkins Norwood (SBN 1112140302)
knorwood@reedsmith.com

**REED SMITH LLP**
1301 K Street, N.W. Suite 1000, East Tower
Washington, DC 20005-3317
Telephone: (202) 414 9200
Facsimile: (202) 414 9299

Matthew B. Weaver (*Pro hac vice to be filed*)
Wesley A. Butensky (*Pro hac vice to be filed*)
Harrell Watts II (*Pro hac vice to be filed*)
**REED SMITH LLP**
mweaver@reedsmith.com
wbutensky@reedsmith.com
hwatts@reedsmith.com
200 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Tel: (786) 747-0200
Fax: (786) 744-0299

*Counsel for Ocean City*